UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                            Case No. 1:22-cv-320-RH-MJF

WELLPATH, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Lee Ballard has filed a complaint asserting an Eighth-Amendment medical deliberate indifference claim under 42 U.S.C. § 1983 and a medical negligence claim under Florida state law. Doc. 1-2. Defendant Wellpath, LLC moves to dismiss the complaint for failure to state a claim on which relief can be granted, and because Ballard failed to satisfy state-law statutory requirements before bringing his state-law claim. Doc. 4. Ballard opposes the motion on procedural grounds. Doc. 47. The undersigned recommends that Ballard's federal claim be dismissed for failure to state a claim, and that the District Court decline to exercise supplemental jurisdiction over Ballard's state-law claim.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 15

## I. BACKGROUND AND ALLEGATIONS OF BALLARD'S COMPLAINT

Ballard is a pre-trial detainee confined at the Alachua County Jail. Doc. 1-2, Compl. ¶ 1. Wellpath is the medical provider for the Jail. *Id*. ¶¶ 2, 4. Ballard initiated this action on July 23, 2022, by filing a complaint (titled "Motion for Relief for Damages") in the Eighth Judicial Circuit Court for Alachua County Florida. *See* Doc. 1-2 , Compl.

Ballard's complaint alleges that there were 60-80 inmates housed in his unit; social distancing was impossible; nobody provide masks to inmates; nobody provided soap for hand-washing; and "COVID was widespread." *Id*. ¶¶ 6, 7, 9, 10. Ballard emphasizes that he is not suing the Alachua County Jail. *Id*. ¶ 12.

Over the course of a 3-week period (unspecified dates), Ballard "suffered major flu symptoms and strep throat." *Id*. ¶¶ 5. Ballard also contracted COVID-19 which caused high fever, chills, headaches and body aches. *Id*. ¶¶ 6, 11. Ballard submitted six sick-call forms and two medical grievance forms, *id*. ¶ 2, but was not provided any medical treatment. *Id*. ¶¶ 5-6.

Based on the foregoing allegations, Ballard is suing Wellpath on the theory that "their staff and supervisory staff displayed intentional gross neglect and malicious intentional misconduct and did totally with a reckless and callous disregarded indifference deprive the Petitioner of his federally protected rights." *Id*.

¶ 12. As relief, Ballard seeks $500,000.00 in damages for "undue and un[n]ecessary pain and suffering." *Id*. ¶ 13.

On November 21, 2022, Wellpath removed the action to this District Court. Doc. 1. Wellpath moves to dismiss the complaint on four grounds: (1) Ballard's allegations are conclusory and fail to state a plausible claim for relief under § 1983 or Florida state law; (2) Ballard's allegations fail to state a plausible basis for imposing liability on Wellpath under § 1983; (3) Ballard's state-law COVID-related claim is barred because Ballard failed to comply with Fla. Stat. § 768.38; and (4) Ballard's state-law medical negligence/malpractice claim is barred because Ballard failed to comply with Fla. Stat. §§ 766.106, 766.203. Doc. 4.

Ballard's response does not address any of Wellpath's grounds for dismissal. Doc. 47. Instead, Ballard argues two procedural issues: (1) the District Court erred in denying Ballard's request for entry of a default and a default judgment; (2) the undersigned erred in denying Ballard's recent request to extend his response deadline until he is released from jail and retains counsel. *Id*. Ballard adds that he "has stated a negligence valid legal claim." *Id*. ¶ 7.

The undersigned will address Ballard's points in turn before considering Wellpath's motion to dismiss.

## II. THE DISTRICT COURT'S DENIAL OF A DEFAULT AND DEFAULT JUDGMENT

Ballard's first "objection" to Wellpath's motion to dismiss is that Wellpath "failed to meet the court's deadlines on (3) prior occasions at which time the plaintiff was entitled to a default judgment against the Defendant that the Court has refused and failed to recognize." Doc. 47 ¶ 2. The District Court already addressed and rejected Ballard's default argument. *See* Docs. 41 (R. & R.); Doc. 44 (Order adopting R. & R.). The Report and Recommendation dated March 17, 2023, explained in detail the procedural history of this case and determined that (1) Wellpath's motion to dismiss was considered timely; (2) the undersigned granted Wellpath one brief (8-day) extension of time to respond to Ballard's complaint; (3) Ballard's delayed receipt of Wellpath's motion to dismiss was not the result of bad faith by Wellpath; and (4) Ballard was not prejudiced by the delay. Doc. 41; *see also* Doc. 44. Ballard has had since March 8 to respond to Wellpath's motion to dismiss. *See* Docs. 37, 43, 46.

Ballard's arguments do not justify reconsideration of the District Court's prior ruling. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

Ballard's disagreement with the District Court's ruling does not satisfy any of the three categories. "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Ballard's arguments do not provide a basis to deny Wellpath's motion to dismiss.

### III. THE UNDERSIGNED'S EXTENSION OF BALLARD'S RESPONSE DEADLINE

On February 13 and March 10, 2023, Ballard requested that the District Court "appoint" counsel and, alternatively, seek "a willing counsel" to represent him. Docs. 29, 38. The undersigned denied Ballard's requests without prejudice, because Ballard failed to demonstrate that he had made an effort to secure counsel himself. Docs. 30, 39.

After Ballard was served with Wellpath's motion to dismiss on March 8, 2023 and was given a response deadline, he requested a 60-day extension. Doc. 42. The undersigned granted Ballard's request in part (due to his allegation that he had "only recently received" the order setting his response deadline) and extended his response deadline by 30 days. Doc. 43. The undersigned warned Ballard though, that his response was due on May 4, 2023, regardless of whether he retained counsel. *Id.*

On May 1, 2023, Ballard requested an additional 30-day extension in order to obtain legal counsel. Doc. 45. The undersigned denied Ballard's request, because (1) Ballard made no showing of diligence in attempting to respond to Wellpath's substantive arguments within the allotted time; and (2) Ballard's desire for legal counsel did not establish good cause to delay this case. Doc. 46. Nevertheless, the undersigned delayed taking Wellpath's motion to dismiss under advisement until June 5, 2023, and allowed Ballard up until that time to make any additional arguments relating to Wellpath's motion to dismiss. *Id*. Instead of using that time to formulate substantive arguments to Wellpath's motion, Ballard has recycled the same procedural arguments. Ballard has had 90 days to oppose Wellpath's arguments for dismissal.

Ballard requests, again, that the District Court delay ruling on Wellpath's motion to dismiss for another 60 days so that he may "adequately and fairly retain counsel." Doc. 47 ¶ 7. Ballard's request is denied for the reasons outlined in the undersigned's order dated May 12, 2023. Doc. 46. Ballard's desire for legal counsel does not provide a basis to extend Ballard's response deadline or to further delay a ruling on Wellpath's motion to dismiss. Ballard chose to file this lawsuit before he secured legal counsel. Ballard filed suit almost one year ago and has had ample time to secure counsel—pro bono or retained. Ballard also has had the opportunity to voluntarily dismiss this action without prejudice to re-filing upon obtaining legal

counsel. *See* Doc. 37; Fed. R. Civ. P. 41(a)(1)(A). The fact that it is more difficult for Ballard to retain counsel while incarcerated is not good cause to further extend his response deadline or to delay a ruling on Wellpath's motion to dismiss.

### IV.  MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678; *see also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-36 (3d ed. 2004) ("[The] pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint must include

"[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions," however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)). Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## V. Discussion

Ballard seeks to hold Wellpath liable for the lack of medical treatment for his flu, strep throat and COVID-like symptoms. In support, Ballard states:

> [T]heir staff and supervisory staff displayed intentional gross neglect and malicious intentional misconduct and did totally with a reckless and

callous disregarded indifference deprive [Ballard] of his federally protected rights.

Doc. 1-2, Compl. ¶ 12.

**A.   Ballard's Allegations Fail to State a Plausible Claim for Relief under 42 U.S.C. § 1983 Against Wellpath for Deliberate Indifference to Ballard's Medical Needs**

1.   *Deliberate-Indifference Standard*

"The Fourteenth Amendment requires government officials to provide basic necessities, including medical care, to pretrial detainees." *Ireland v. Prummell*, 53 F.4th 1274, 1287 (2022) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985)). "A failure to provide such care violates that amendment, which is actionable under § 1983." *Ireland*, 53 F.4th at 1287. "To prevail on such a claim, a litigant 'must satisfy both an objective and a subjective inquiry.'" *Id*. at 1287 (quoting *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015)). The objective inquiry "requires a plaintiff to establish the existence of an 'objectively serious medical need.'" *Ireland*, 53 F.4th at 1287 (quoting *Valderrama*, 780 F.3d at 1116).

The subjective inquiry "requires a plaintiff to prove that a government official was 'deliberatively indifferent' to that need." *Ireland*, 53 F.4th at 1287 (quoting *Valderrama*, 780 F.3d at 1116). To show "deliberate indifference," a plaintiff must establish four elements: "(1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the official actually

drew that inference, (3) the official disregarded the risk of serious harm, and (4) the official's conduct amounted to more than gross negligence." *Ireland*, 53 F.4th at 1287 (internal quotation marks and citation omitted) (footnote omitted).

### 2. *Section 1983 Standard for Holding Wellpath Liable for the Lack of Medical Care*

A private company, like Wellpath, "may be liable under § 1983 when it 'performs a function traditionally within the exclusive prerogative of the state' or county, such as providing medical services to pretrial detainees or inmates."[2] *Ireland*, 53 F.4th at 1289 (quoting *Craig v. Floyd County*, 643 F.3d 1306, 1310 (11th Cir. 2011)). However, "[l]iability under § 1983 cannot be based on the theory of vicarious liability." *Ireland*, 53 F.4th at 1289.

"[T]o prevail on deliberate indifference to serious medical or pretrial detention needs claims" against Wellpath, Ballard "must first show that [Wellpath] advanced 'a *policy or custom* of deliberate indifference that led to the violation of [Ballard's] constitutional right' before satisfying the discrete requisites of [Ballard's] deliberate indifference claims." *Ireland*, 53 F.4th at 1289 (quoting *Craig* at 1310) (emphasis adopted); *Smith v. Salter*, 794 F. App'x 817, 821 (11th Cir. 2019) ("To prevail on a § 1983 claim against a company that has contracted to provide medical care to prisoners, [the prisoner/plaintiff] must establish that his injury was

---

[2] This assumes, without deciding, that Wellpath—as the provider of medical services in the jail—was performing a traditional public function.

the result of a policy or custom."). The threshold requirement that Ballard identify a custom or policy that caused his injury, ensures that Wellpath is held liable only for those deprivations resulting from official policy, and it "prevents the imposition of liability based upon an isolated incident." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004).

"A policy is a decision that is officially adopted by the [entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* at 489. "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability' on an entity as part of either a policy or custom unless the challenged policy itself is unconstitutional." *Ireland*, 53 F.4th 1289 (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)); *accord Craig*, 643 F.3d at 1310-11.

Here, Ballard's theory of liability against Wellpath is based on vicarious liability or *respondeat superior*. That is, he seeks to hold Wellpath liable because its staff ignored his requests for medical care. But that does not provide a basis for liability against Wellpath under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity—there a city—"may not be sued under

§ 1983 for an injury inflicted solely by its employees or agents."); *Ireland*, 53 F.4th at 1289.

Ballard does not identify an official Wellpath policy or custom that caused medical staff to ignore his needs. Ballard's allegations that his medical requests were ignored over a three-week period does not support a reasonable inference that Wellpath advanced a policy or custom of depriving inmates of medical care.

Because Ballard has failed to plead sufficient facts to establish the existence of a policy or custom, or that the alleged policy or custom caused the alleged constitutional violation, his § 1983 claim against Wellpath must be dismissed for failure to state a claim.

**B.     The District Court Should Decline to Exercise Supplemental Jurisdiction Over Ballard's State-Law Claim**

Having disposed of Ballard's federal claim, the District Court should decline to exercise supplemental jurisdiction over Ballard's state-law claim. *See* 28 U.S.C. § 1367(c)(3). "The Supreme Court has instructed the federal courts deciding whether to exercise supplemental jurisdiction over a state law claim—after all the federal claims in the case have been dismissed—to consider these four factors: comity, convenience, fairness, and judicial economy." *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 775 (11th Cir. 2016) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The *Gibbs* factors "usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in

terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds as recognized in Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531 & n.23 (11th Cir. 2015).

The Eleventh Circuit repeatedly has stated that, when all of the federal claims have been dismissed prior to trial, Supreme Court precedent "strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Faucher v. Rodziewicz*, 891 F.2d 864, 871–72 (11th Cir. 1990) (because *Gibbs* "strongly encourages or even requires dismissal of the state claims . . . the district court properly dismissed [the plaintiff's] pendent claims as a result of its dismissal of all of her federal claims" (quotation omitted)); *Shahawy v. Harrison*, 778 F.2d 636, 644 (11th Cir. 1985) (observing that district courts are "strongly encourage[d]" if not "require[d]" to dismiss state law claims after all federal claims have been dismissed when a "state forum exists at the time of dismissal" (quotations omitted)); *see also Kamel v. Kenco/Oaks at Boca Raton, LP*, 321 F. App'x 807, 810 (11th Cir. 2008) (referring to as "well settled in our circuit," that district courts should dismiss state law claims when the federal claims are dismissed).

Whether Ballard's state-law claims is procedurally barred—and whether his allegations satisfy Florida's negligence or medical malpractice standard—are questions better left for the state court to decide. Ballard, himself, has emphasized that he opposes a federal court considering his claims. Doc. 47 ¶ 1. Nothing in the record suggests that dismissal of the state-law claims will raise a statute-of-limitations problem for Ballard if he has to re-file the claims in state court. *See* Fla. Stat § 95.11(4)(c) (providing a two-year limitations period for negligence and medical malpractice actions).[3] The District Court, therefore, should decline to exercise supplemental jurisdiction over Ballard's state-law claims.

## VI. CONCLUSION

For the reasons outlined above, the undersigned respectfully **RECOMMENDS** that:

1. Wellpath's motion to dismiss, Doc. 4, be **GRANTED** to the extent it seeks dismissal of Ballard's claim asserted under 42 U.S.C. § 1983, and that Ballard's federal claim be **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

---

[3] Ballard's state-law claims would not fall under the one-year limitations period in Fla. Stat. § 95.11(5)(g), because he is not a "prisoner" as defined in Fla. Stat. § 57.085. *See* Fla. Stat. § 57.085(1) (defining the term "prisoner" as "a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.").

2. The District Court decline to exercise supplement jurisdiction over Ballard's state-law claims, and that such claims be **DISMISSED** without prejudice.

3. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 14th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**